UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEAN NASCA,

MEMORANDUM
OPINION and ORDER

                    Plaintiff,

    -against-                                    CV 05-0122 (JFB) (ETB)

THE TOWN OF BROOKHAVEN, et al.,

                    Defendant.
------------------------------------------------------------------------X

This is a Section 1983 civil rights action initiated by the pro se plaintiff against the Town of Brookhaven and Richard Palazzotto, employed by the Town as a building inspector. The case arises from the pro se plaintiff's refusal to register for a rental permit required by the Town of Brookhaven, pursuant to Section 82 of its Code, for rental property plaintiff owned at 23 Plaza Lane, Selden, located within the Town. The plaintiff's refusal to register and apply for a rental permit allegedly led to visits to the property in question by Town personnel without the plaintiff's authorization, thus giving rise to this action, which seeks damages for violation of the plaintiff's rights under the Fourth and Fourteenth Amendments.

By notice of motion, dated August 8, 2007, the pro se plaintiff ("plaintiff") requests to strike the Answer of the defendants, Town of Brookhaven and Richard Palazzotto ("defendants"), based on their alleged willful failure to comply with the court's order, dated February 8, 2007, which, in relevant part, directed the said defendants to produce "copies of all notices of violations, summonses and desk appearance tickets issued by Richard Palazzotto for the period January 1, 2003 to December 31, 2003, pursuant to Town code provisions §§ 82 and 85."

The record reflects that from February 8, 2007 until April 30, 2007 - approximately three (3) months - the parties have engaged in discovery focused mainly on the order in question. During this period records and affidavits were produced and depositions taken. This discovery produced inconsistencies which plaintiff seizes upon in an effort to establish that the Town of Brookhaven and/or its counsel herein have willfully evaded compliance (See Not. of Mot., dated Aug. 8, 2007 (stating that the actions of the Town are a "willful and deliberate attempt to perpetrate a fraud on the Court by fabricating testimony and providing false and perjured statements").)

The defendants vehemently deny the plaintiff's contentions of fraud and perjury and refer to these allegations as "baseless and meretricious ad hominum attacks." (Affidavit of defendants' counsel, Geoffrey H. Pforr, dated September 7, 2007 at 12). The Town states that "five summonses/desk appearance tickets were identified in a Privilege Log." (Id. at 2; see Privilege Log annexed at B to defendants' opposition.) These documents involve Section 85 of the Town Code which relates to accessory apartment rentals within the Town and, therefore, are of questionable relevance to this action. (Id. at 2.) These are claimed to be privileged due to the automatic sealing provisions of NYCPL §§ 160.50 (termination in favor of the accused) and 160.55 (termination by conviction for a traffic infraction or violation). It is the Town's position that the notice of violation issued to the pro se plaintiff on October 15, 2003, pursuant to Section 82 of the Town Code, is the only other document encompassed by the February 8, 2007 order.

The plaintiff points to deposition testimony by Palazzotto in this action wherein he states that he issued more than one code violation for rental violations. (See Exhibit K at 16, annexed to Pl.'s Not. of Mot.) Later on, however, in his deposition testimony Palazzotto acknowledged

that he had "no idea" as to how many notices of violation and actual summonses he wrote during the relevant period in 2003 relating to permit violations. (See Exhibit K, 16-17.) Plaintiff also complains that no affidavit has been provided to reconcile what plaintiff perceives to be irreconcilable inconsistencies. The simple answer to this is that the defendants are under no such obligation and no further discovery was requested by the plaintiff. To the extent that there are any inconsistencies, it may be relevant in any future motion for summary judgment or trial, and such evidence is available to plaintiff for whatever value it may have.

Similarly, plaintiff points to inconsistencies in the position taken by the Town as to both the availability and existence of the records referenced in the February 8, 2007 order. Defendants' counsel candidly acknowledges in his opposing affidavit that he misspoke when he stated on March 15, 2007 that "a field was added by the IT person" to retrieve the records. (Opposing affidavit of Geoffrey H. Pforr, dated September 7, 2007 at 5). This misstatement by Mr. Pforr is said to be based on information provided by a non-IT person in the Department of Law, which proved to be inaccurate. The deposition of the Town's IT expert, Robert Brandow, which plaintiff was authorized to take pursuant to court order, clarified that rather than adding a field to the software program, Brandow "wrote a program allowing the Town to run a computer search by investigator. . . ." (Id.; see Exhibit J to Pl.'s Not. of Mot. at 9-11.)

In addition, the Town produced from archives, for inspection by Mr. Pforr, thirteen (13) banker's boxes of records which Mr. Pforr himself independently searched through for documents to be produced in compliance with the February 8, 2007 order. The computer search - coupled with the physical document review by the Town's counsel herein - revealed the sealed documents on the privilege log plus the single notice of violation issued to plaintiff by Palazzotto

on October 15, 2003.

The court finds no evidence that defendants have evaded their disclosure obligations or submitted false or perjured testimony to support any grant of sanctions under Rule 37 of the Federal Rules of Civil Procedure. See Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007) (stating that "a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain") (citing Fed. R. Civ. P. 34(a)). While there is evidence produced that could be said to be inconsistent, this is not unusual in discovery and, in any event, certainly does not constitute a basis for Rule 37 sanctions. See, e.g., Yeboah v. United States, No. 99 Civ. 4923, 2000 U.S. Dist. LEXIS 15400, at *16-17 (S.D.N.Y. Oct. 20, 2000) (denying defendant's request for a preclusion order where plaintiff provided "incomplete and inconsistent information" in response to discovery requests).

Plaintiff's motion does not set forth facts or any law that would entitle him to any sanctions under Rule 37, Fed. R. Civ. P., much less the ultimate sanction of dismissal sought here, which is also dispositive in nature and beyond the jurisdiction of this court. See 28 U.S.C. § 636; see also Shcherbakovskiy, 490 F.3d at 140 ("[T]he sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to willfulness, bad faith, or any fault of the [producing party].") (internal quotation marks and citations omitted); Lehman Bros. Kuhn Loeb, Inc. v. Lawrence, No. 81 Civ. 3339, 1982 U.S. Dist. LEXIS 13855, at *7 (S.D.N.Y. June 24, 1982) (stating that "the striking of an answer is the most severe in the spectrum of sanctions provided under the rules" and "should not be utilized unless there is a showing of grossly negligent failure to obey a discovery order . . . or of deliberate tactical intransigence or bad faith in the conduct of the litigation") (quotations and

citations omitted).  Accordingly, plaintiff's motion, pursuant to Rule 37, is denied.

Also denied is the defendants' request for sanctions consisting of counsel fees and costs in defending this motion.  There is no factual or legal basis for such an assessment against the pro se plaintiff.


SO ORDERED:

Dated: Central Islip, New York
   November 16, 2007

                 /s/ E. Thomas Boyle
                 HON. E. THOMAS BOYLE
                 United States Magistrate Judge